UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOTIS GLOBAL, INC.,

      Plaintiff/Counter-Defendant,        Case No. 13-cv-14775
                                     (consolidated with Case No.
                                     14-11749)

v.

DARRYL B. KAPLAN *et al*.,               Hon. Matthew F. Leitman

      Defendants/Counter-Plaintiffs.

_____/

**<u>ORDER (1) GRANTING PLAINTIFF'S MOTION TO QUASH WRIT FOR
GARNISHMENT AND RETURN NOTIS GLOBAL'S FUNDS (ECF #152)
AND (2) DENYING WITHOUT PREJUDICE INTERESTED PARTY
REDWOOD MANAGEMENT, LLC'S MOTION FOR DETERMINATION
OF PRIORITY OF REDWOOD'S PERFECTED SECURITY INTEREST
TO THE BEDRICK FUNDS (ECF #159)</u>**

**I**

On August 25, 2017, Defendants/Counter-Plaintiffs Darryl B. Kaplan,

Claudio Tartaglia, Eric Kovan (collectively, the "Kaplan Parties") obtained a

consent judgment (the "Consent Judgment") in this action against Plaintiff/Counter-

Defendant Notis Global Inc. ("Notis") for $937,500. (*See* Consent J., ECF #114.)

The Kaplan Parties then commenced efforts to collect on the Consent Judgment.

In February 2018, the Kaplan Parties learned that Notis' former CEO Bruce

Bedrick, an Arizona resident, was required to pay Notis $333,000 under a settlement

Bedrick had reached with the United States Securities Exchange Commission (the

"Bedrick Funds"). The Kaplan Parties believed that the Bedrick Funds would be available to satisfy the Consent Judgment, in part, once Bedrick paid the funds to Notis. But the Kaplan Parties then learned that, as they describe it, Notis was attempting to impede their ability to obtain the Bedrick Funds. Specifically, the Kaplan Parties were informed that Notis allegedly asked Bedrick to pay the Bedrick Funds to an entity related to Notis – against which the Kaplan Parties had no judgment and no right to collect – rather than Notis. (*See* ECF #135 at Pg. ID 2608-09.)

The Kaplan Parties then stepped up their efforts to collect the Bedrick Funds. First, they applied to the Clerk of this Court for a writ of garnishment to be issued to Bedrick, and on February 14, 2018, the Clerk issued a writ of garnishment directed to Bedrick (the "Garnishment"). (*See* ECF #147.) Second, on February 16, 2018, they filed an emergency motion for a temporary restraining order and preliminary injunction against Notis. (*See id.*) In the motion, they asked the Court to enjoin Notis from disseminating or distributing the Bedrick Funds in the event that Notis received the funds. (*See id.* at Pg. ID 2606.)

The Court held a hearing on the emergency motion on February 21, 2018. Counsel for Notis appeared at the hearing and explained that they had just been retained "two hours ago" and had not had a sufficient opportunity to investigate the issues raised in the emergency motion. (Feb. 21, 2018, Hearing Tr., ECF #154 at Pg.

ID 2799, 2815-16.) Counsel for an interested party named Redwood Management, LLC ("Redwood") also appeared at the hearing. Redwood claims that it has a security interest in all of Notis' assets, including the Bedrick Funds, and it claimed that it would thus have a higher priority than the Kaplan Parties to those funds. Redwood accordingly asked the Court not to direct payment of the funds to the Kaplan Parties. At the hearing, counsel for Redwood explained that, like Notis' attorneys, he had been retained immediately prior to the hearing and that he had not had a full opportunity to prepare for the hearing. (*See id.* at Pg. ID 2802.)

At the conclusion of the hearing, the parties reached an agreement to resolve the emergency motion, and they memorialized the agreement in a stipulated order. The order created a process through which the Bedrick Funds would be paid into the Court (either directly by Bedrick in response to the Garnishment or by Notis if it received the funds from Bedrick), and the order also established a framework through which the parties would litigate (1) any challenges to the Garnishment and (2) disputes over priority to the Bedrick Funds. In its entirety, the stipulated order provided as follows:

**STIPULATED ORDER ON
DEFENDANTS/COUNTER-PLAINTIFFS'
EMERGENCY EX-PARTE MOTION TO REOPEN
THE CASE AND FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

Having considered Defendants/Counter-Plaintiffs' Ex-Parte Motion to Reopen the Case and for a Temporary Restraining Order and Preliminary Injunction, and the Court being otherwise fully advised in the premises after hearing argument by the parties;

**IT IS HEREBY ORDERED** that if Bruce Bedrick pays Three Hundred Thirty Thousand and 00/100 dollars ($330,000.00) (the "Funds") to this Court, that payment will satisfy any obligations he may have pursuant to the garnishment issued on February 14, 2018 in this action by Defendants/Counter-Plaintiffs, Darryl Kaplan, Claudio Tartaglia and Eric Kovan. None of the Parties, as that term is defined below, is waiving any objection to the garnishment and the Court makes no finding regarding the validity of the garnishment.

IT IS FURTHER ORDERED that the Funds will be deposited with the Court and deposited into an interest-bearing account pursuant to F.R.C.P. 67 and 28 U.S.C. 2041 et seq. Any accumulated interest on the Funds will be considered part of the Funds.

IT IS FURTHER ORDERED that Notis Global, Inc. f/k/a Medbox Incorporated ("Notis") or Redwood Management, LLC shall have thirty (30) days from the date it receives notice from the Court of the Court's receipt of the Funds to file any claim or motion it has concerning any rights or interest in the Funds. In addition, Notis shall have thirty (30) days from the date of entry of this Order to object to the validity of the garnishment.

IT IS FURTHER ORDERED, that if Notis Global, Inc. f/k/a Medbox Incorporated, Darryl Kaplan, Claudio Tartaglia, Eric Kovan, Redwood Management, LLC or Rock Acquisition Corp. (collectively, the "Parties") receives all or any part of the Funds prior to it being deposited with the Court, the foregoing listed individuals and companies will deliver the Funds to the Court forthwith.

IT IS FURTHER ORDERED that Defendants/Counter-Plaintiffs, Darryl Kaplan, Claudio Tartaglia and Eric Kovan will serve a copy of this Order on Bruce Bedrick.

The rights of the Parties named in this Order concerning the Funds are hereby preserved as provided herein.

**IT IS SO ORDERED.**

(Stip. Order, ECF #143.)

On February 25, 2018, Bedrick was served with the Garnishment in Arizona, and at that time he signed an acknowledgment of service. (*See* ECF #155.) But Bedrick did not appear in this action. Nor did he abide by the terms of the Garnishment. For instance, he did not comply with the provision of the Garnishment that required him to file a Garnishee Disclosure with the Clerk of the Court. Nor did he make any payment to the Kaplan Parties (as the Garnishment directed him to do in the event that he was indebted to Notis).

Instead, on March 14, 2018, Bedrick paid the Bedrick Funds to Notis. Pursuant to the Stipulated Order, Notis then deposited $330,000 with the Court.

On March 23, 2018, Notis filed a motion seeking to quash the Garnishment and asking the Court to return the funds that Notis had deposited with the Court pursuant to the earlier stipulated order. (*See* Mot. to Quash, ECF #152.) Notis argues that the Garnishment was invalid because the Court lacked personal jurisdiction over

Bedrick at the time the Clerk of the Court issued the Garnishment. (*See id.*) Redwood joined that motion. (*See* ECF #153.)

On April 23, 2018, Redwood filed a Motion for Determination of Priority of Redwood's Perfected Security Interest to the Bedrick Funds. (*See* Mot. for Determination, ECF #159.)  Redwood contends that it, rather than the Kaplan Parties, is entitled to the funds held by the Court. (*See id.*)  The Court held a hearing on both motions on July 18, 2018.

## II

The Court first turns to Notis' argument that the Garnishment was invalid.

## A

Enforcement of a district court judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).  The Consent Judgment thus must be enforced in accordance with Michigan procedure unless a federal statute applies.  A Michigan statute authorizes courts to issue writs of garnishment to those persons or entities who, among other things, are obligated to make payments to a judgment debtor. *See* Mich. Comp. Laws § 600.4011(1)(b).  But under the statute, a Michigan court may only issue a writ of garnishment to an obligor "if the obligor is subject to the judicial jurisdiction of the state." *Id.*

**B**

Notis argues that the Garnishment was invalid because Bedrick was not subject to personal jurisdiction in Michigan when the Court issued the Garnishment. Before turning to that argument, the Court must address the Kaplan Parties' argument that Notis lacks standing to object to the Garnishment on the ground that Bedrick was not subject to personal jurisdiction. (Resp. to Mot. to Quash, ECF #156 at Pg. ID 2847-48.)

The Court concludes that Notis does have standing to raise the lack of personal jurisdiction objection to the Garnishment. First, the Michigan Court Rules clearly contemplate that, as a general matter, a judgment debtor (like Notis) may object to a writ of garnishment. *See* Mich. Ct. R. 3.101(E)(5) (providing that the writ must inform a defendant (defined as a judgment debtor) that the property or debt will be applied to satisfy the garnishment "unless the defendant files objections within 14 days after the service of the writ"). Second, the Michigan Court Rules specify that a permissible objection to a garnishment is that it "was not properly issued or is otherwise invalid." Mich. Ct. R. 3.101(K)(2)(f). Notis' objection to the Garnishment fits squarely within this category of authorized objections. Notis contends that the Garnishment is "invalid" because (1) Bedrick was not subject to personal jurisdiction here when the Clerk of the Court issued the Garnishment and (2) the

Court thus lacked the power to issue the Garnishment. For these reasons, the Court concludes that Notis had standing to raise its objection to the Garnishment.

The Court sustains Notis' objection to the Garnishment on the ground that the Court lacked personal jurisdiction over Bedrick when the Clerk of the Court issued the Garnishment. The Kaplan Parties have failed to show that, at the time the Garnishment was issued, Bedrick had taken any steps that would have subjected him to personal jurisdiction in Michigan. For instance, the Kaplan Parties have not even attempted to show that Bedrick has continuous meaningful contacts with this State such that he was subject to general jurisdiction here, nor have they attempted to demonstrate that Bedrick had sufficient "minimum contacts" with Michigan such that he was subject to limited personal jurisdiction here in connection with the Garnishment.

Instead of attempting to demonstrate that Bedrick was subject to personal jurisdiction in Michigan based upon his contacts with this State, the Kaplan Parties argue that Bedrick consented to personal jurisdiction here. In support of that argument, the Kaplan Parties cite a sworn Declaration signed by Bedrick on July 17, 2018, in which he states: "I did not oppose the jurisdiction of the Court over me related to the Garnishment and consent to the jurisdiction of the Court solely related to the Garnishment." (Decl. of Bruce Bedrick at ¶4, ECF #164 at Pg. ID 3290.)

Bedrick's Declaration does not show he was subject to personal jurisdiction in Michigan on the basis of consent when the Clerk of the Court issued the Garnishment. First, while a party may submit to personal jurisdiction in a forum by "explicit consent," *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (plurality opinion), Bedrick's statement that he "did not oppose jurisdiction" when the Clerk issued the Garnishment falls far short of a showing that he affirmatively and "explicit[ly]" consented to personal jurisdiction at that time. Second, to the extent Bedrick now explicitly consents to personal jurisdiction in this State, that consent has come too late. The governing Michigan statute authorizes a court to issue a garnishment to a person or entity who "is subject" to personal jurisdiction at the time the garnishment is sought. Bedrick's statement on July 17, 2018 that he now "consent[s] to jurisdiction" does not establish that he was subject to personal jurisdiction in this State at the time the Clerk of the Court issued the Garnishment. Moreover, Bedrick gave his consent *after* he had satisfied his obligation to Notis under his agreement with the S.E.C. – i.e., after the Garnishment effectively became a nullity.

In short, the Kaplan Parties have not met their burden of showing that the Court had personal jurisdiction over Bedrick when the Garnishment was issued.[1]

---

[1] Generally, the party seeking to invoke the personal jurisdiction of the Court has at least an initial burden of showing a court's personal jurisdiction over the individual

Therefore, the Court did not have the power to issue the Garnishment, and the Garnishment was thus invalid. Accordingly, Notis' motion to quash the Garnishment is **GRANTED.**

### III

Absent the invalid Garnishment, the Court would be holding the $330,000 deposited by Notis. Having quashed the Garnishment, the Court sees no basis on which it may exercise authority over those funds or determine who has priority to them. The Court will therefore direct the Clerk of the Court to return the funds on deposit to Notis. Thereafter, the Kaplan Parties may pursue appropriate collection activities directed toward the funds, and Redwood may seek to assert its allegedly-superior interest to the funds.

### IV

For the reasons explained above, **IT IS HEREBY ORDERED THAT**:

1. Notis' Motion to Quash Writ for Garnishment and Return Notis Global's Funds is **GRANTED**; and

---

to be brought into court. *Cf. Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (noting that the plaintiff has the burden of establishing the district court's personal jurisdiction in response to a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure); *Jeffrey v. Rapid Am. Corp.*, 529 N.W.2d 644, 648 (Mich. 1995) (noting that, on motion for summary disposition pursuant to Mich. Ct. R. 2.116(C)(1), "the plaintiff bears the burden of establishing jurisdiction over the defendant").

2. Redwood's Motion for Determination of Priority of Redwood's Perfected Security Interest to the Bedrick Funds is **DENIED WITHOUT PREJUDICE** based upon the Court's determination that, at this time and under these circumstances (i.e., the fact that the funds are on deposit here as the result of an invalid garnishment), the Court may not properly determine any party's priority to the funds on deposit with the Court. Nothing in this order should be construed to preclude Redwood from asserting its interest in the funds in any manner or any other forum.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court shall return to Notis the funds deposited with the Court pursuant to the Court's order dated February 23, 2018. Notis shall provide the Clerk with the information necessary to complete the return of the funds.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 6, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764